AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California


FILED
NOV 27 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the taking of DNA samples from Christina Ivonne TOVAR & Austin William SHIRK

Case No. **19MJ5305**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:
DNA samples from Christina Ivonne TOVAR & Austin William SHIRK

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | – Felon in Possession of a Firearm |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Arnesha Bahn, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/27/19

*Judge's signature*

City and state: San Diego, CA

Hon. Jill L. Burkhardt, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Arnesha Bahn, being duly sworn, hereby state as follows:

## INTRODUCTION

1. This affidavit supports an application authorizing the taking of DNA samples from Chrinstina Ivonne TOVAR (TOVAR) and Austin William SHIRK (SHIRK), (collectively, the TARGET SUBJECTS) more particularly described in Attachment A, incorporated herein.

2. The evidence to be searched for and seized is described in Attachment B, incorporated herein.

3. Based on the information below, there is probable cause to believe that, from the buccal (oral) swabs that may be collected from the TARGET SUBJECTS, there exists evidence of a crime, specifically, violations of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm (TOVAR), and Title 18, United States Code Section 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Felony (SHIRK), (the SUBJECT OFFENSES).

## EXPERIENCE AND TRAINING

4. I am a Special Agent ("S/A") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since July 2013. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator's Training Program, and the ATF National Academy's Special Agent Basic Training course. As an ATF S/A, I have received training in federal firearms laws and have been the affiant on search and arrest warrants for such violations, to include investigations on persons prohibited from possessing firearms. In this realm, I have authored affidavits for search warrants, and complaints which have yielded evidence of federal criminal violationsThe facts set forth herein are those that I believe are relevant to the limited purposes of this affidavit, namely, to establish probable cause for the requested warrant. The affidavit does not, therefore, include each and every fact that I or

other law enforcement personnel may have learned in connection with this ongoing investigation. In the affidavit, all dates and times are approximate.

5. I have knowledge of the facts set forth below based on my review of the reports, recorded statements, and evidence collected in this case.

## FACTS SUPPORTING PROBABLE CAUSE

6. On or about October 9, 2019, Chula Vista Police Department ("CVPD") officers attempted a traffic stop on a vehicle for expired registration and false registration tabs. The driver, later identified as documented Otay gang member Alfonso Huizar, failed to stop and led officers on a high-speed pursuit running numerous stop signs and red lights while reaching speeds of 80 mph in a 30 mph residential zone. Huizar lost control of his vehicle and crashed into a retaining wall at 1213 Hilltop Drive.

7. Officer's exited their vehicle and approached the accident scene. As they approached, the rear seat passenger, SHIRK, fled and was chased down by one of the officers. The other officer remained with the vehicle and saw the front passenger, later identified as TOVAR, a convicted felon and documented Varrio Chula Vista gang member, slumped over lying on the front passenger floorboard. TOVAR appeared unconscious and was non-responsive to officer's commands. Officers also discovered that the driver, Huizar, was ejected from the vehicle during the collision and despite attempts at life saving measures, was later pronounced deceased.

8. A short time later, Chula Vista Fire Department ("CVFD") paramedics arrived to the scene and began attempting to remove TOVAR from the front passenger seat of the vehicle. TOVAR was resistant to medics and attempted to refuse medical attention even though she had been in a serious collision and had been unconscious. CVFD paramedics said it appeared she was trying to conceal something on the floorboard of the vehicle. Paramedics removed TOVAR and placed her on a gurney in order to provide her emergency medical care. When TOVAR was removed from the vehicle officers found a loaded Springfield, model XD pistol with an obliterated serial number in the passenger foot well where she had been seated.

9. TOVAR also refused to identify herself and covered her face with her hair. Officers got into the ambulance to assist with identifying TOVAR and after a few seconds, TOVAR said her name was Christina and moved the hair from her face. Officers recognized her from numerous prior investigations. TOVAR told officers she was, "on the run." Officers confirmed TOVAR was on AB109/PRCS probation with a valid Fourth Amendment wavier. Paramedics transported TOVAR to UCSD Trauma for treatment.

10. SHIRK was also taken into custody by officers. SHIRK was found in possession of approximately fifty (50) Xanax pills and a bottle of codeine syrup, which officers belived were for distribution based on the quantity. They also found a large knife and currency near SHIRK when they arrested him. SHIRK was transported to Scripps Trauma Center for evaluation and medical clearance where it was discovered he had about twenty (20) grams of herion secreted inside his anus. Post-arrest, SHIRK stated the Xanax was for personal use, denied ownership of the knife of the currency, and stated that he secreted the heroin in his anus during the pursuit because he thought he was going to be arrested and wanted to sell the heroin in jail.

11. Records checks confirmed that TOVAR has been convicted of multiple felonies.

12. The firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

**PRIOR ATTEMPTS TO OBTAIN INFORMATION**

13. The United States has not attempted to obtain this information by other means.

**CONCLUSION**

14. Based on my training and experience, and the foregoing facts, I believe there is probable cause to believe the TARGET SUBJECTS committed the SUBJECT OFFENSES, and, in light of the above information, there is probable cause to believe that obtaining DNA samples from the TARGET SUBJECTS described in Attachment A, is necessary to determine whether one or both possessed the seized firearm.

3

15. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

_____
Arnesha Bahn, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me this 27th day of November 2019.

_____
HONORABLE JILL L. BURKHARDT
United States Magistrate Judge

4

## ATTACHMENT A
## PERSONS TO BE SEARCHED

The Person known as Christina Ivonne TOVAR (TOVAR) (depicted below), further described as a Hispanic female adult with a date of birth of December 1, 1990 and being about 5'2'' in height and 140 lbs. in weight with Black Hair and Brown Eyes, currently in the custody of the Bureau of Prisons, Metropolitan Correctional Center, San Diego, CA.



The Person known as Autsin William SHIRK (SHIRK) (depicted below), further described as a white male adult with a date of birth of August 24, 1994 and being about 510'' in height and 142 lbs. in weight with Brown Hair and Blue Eyes, currently in the custody of the San Diego Sheriff's Department, San Deigo Central Jail, San Diego, CA.



## **ATTACHMENT B**

## ITEMS TO BE SEIZED

DNA samples from Christina Ivonne TOVAR (TOVAR) and Autsin William SHIRK (SHIRK), in the form of buccal cells on oral swabs. The oral swabs will be collected from the inside cheek portion of the mouth to sufficiently collect buccal cells pursuant to the standard practices and procedures employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) or the the San Diego County Sheriff's Department for DNA testing.